UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JIMMIE L. SIMPSON,

    Plaintiff,

v

CORIZON HEALTH, INC., et al.,

    Defendants.
_____/

Case No. 1:15-cv-357

HON. JANET T. NEFF

**OPINION AND ORDER**

    This is a prisoner civil rights action filed pursuant to 42 U.S.C. § 1983 involving Plaintiff's Eighth Amendment, retaliation, and state-law claims concerning medical care Plaintiff received while incarcerated. Defendants filed four separate motions for summary judgment. Defendant Kerstein argued that Plaintiff failed to exhaust his administrative remedies (Dkt 37). Defendant Aetna argued that it had no relationship to Plaintiff (Dkt 53). And Defendants Corizon, Neri, Papendick, Rogers, Kerstein and Stieve argued that Plaintiff failed to meet his summary judgment burden (Dkts 66, 75). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R, Dkt 100), recommending that three of the four summary judgment motions be granted in favor of Defendants (Dkts 52, 66, 74), and that one be denied without prejudice (Dkt 36). The matter is presently before the Court on Plaintiff's objections to the Report and Recommendation[1] and on Defendants' Motion to Strike Sur-replies to Defendants' Motions for

---

[1] Plaintiff submitted two different objections (Dkts 104 & 107). Although untimely, the second objection is considered in reference herein.

Summary Judgment (Dkt 99) and Defendants' Motion to Supplement Motion for Summary Judgment (Dkt 113). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections, denies the motions, and issues this Opinion and Order.

## I. Plaintiff's Objections

Plaintiff presents the Court with 47 numbered objections to the Report and Recommendation. However, Plaintiff's objections can be appropriately categorized according to the section of the Report and Recommendation to which they pertain. The following bolded headings correspond to portions of the Report and Recommendation to which objections have been made.

### A. **Background** (R&R, Dkt 100 at PageID.2796–2802)

In his objections to the Background section of the Magistrate Judge's Report and Recommendation, Plaintiff asserts that the "Magistrate erreneous[ly] [o]mitted and disregarded Plaintiff's October 19, 2011, MRI Diagnostic Test Results, November 24, 2014 and May 4, 2016 EMG Diagnostic Test Results . . . . (Objs., Dkt 104 at PageID.2824). Plaintiff also asserts that the Magistrate Judge "applied an incorrect legal analysis of Plaintiff's claims, in Granting Defendants['] Summary Judgment Motions" (*id.*).

Plaintiff's objections fail to demonstrate any factual or legal error in the Magistrate Judge's analysis or conclusion. The Magistrate Judge properly included all relevant facts in the background section of the Report and Recommendation. Plaintiff's contention that the October 19, 2011 MRI was not included is unfounded because the Magistrate Judge specifically noted that "Plaintiff participated in an MRI of his spine the results of which revealed several abnormalities" (R&R, Dkt

100 at PageID.2797). The Magistrate Judge also mentions the significance of the November 24, 2014 EMG examination (*id.* at PageID.2802); therefore, Plaintiff's contention that the Magistrate Judge erroneously omitted it is without merit. As for any other tests or results Plaintiff claims the Magistrate Judge erroneously omitted, the fact that the Magistrate Judge did not expressly reference them does not demonstrate that the Magistrate Judge "ignored" or improperly weighed the evidence in this case. A magistrate judge need not delineate each item of evidence in a report and recommendation in order to make a proper assessment of that evidence, and Plaintiff's argument reveals no factual or legal error by the Magistrate Judge. Accordingly, Plaintiff's objection is denied.

   **B.** <u>**Defendant Aetna Life Insurance Company**</u> **(R&R, Dkt 100 at PageID.2805–07)**

Regarding the Magistrate Judge's analysis of his claims against Defendant Aetna, Plaintiff asserts that "[t]he Magistrate omitted and failed to consider all of Plaintiff's pleadings and affidavits . . . and to draw all justifiable inferences in favor of Plaintiff, opposing the motion [for summary judgment]," including disregarding Plaintiff's factual evidence that Aetna was still liable under the contract with the State of Michigan to provide health services to the prison where Plaintiff was located (Objs., Dkt 104 at PageID.2827; Dkt 107 at PageID.2857). Plaintiff also states that "[t]he Magistrate erroneously [g]ranted Aetna [a] Stay of Discovery . . . " (*id.*).

Plaintiff's objections concerning the Magistrate Judge's recommendation to grant summary judgment in favor of Defendant Aetna are without merit.

First, objecting on the grounds that the Magistrate Judge "failed to consider all of Plaintiff's pleadings and affidavits" is too broad to constitute a valid objection. Overly general objections do not satisfy the objection requirement. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508–09 (6th Cir. 1991). "The objections must be

clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*, 50 F.3d at 380. "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error" are too general. *Id.* The Magistrate Judge fully and properly considered all pleadings, affidavits, exhibits, and other evidence presented. Plaintiff's mere disagreement with, and overly general objections to, the Magistrate Judge's Report and Recommendation do not warrant its rejection.

Second, Plaintiff's contention that the Magistrate Judge disregarded evidence that the contract between Aetna and the State of Michigan was still valid when his alleged injuries occurred is without merit. "Aetna has presented evidence that . . . [o]n October 4, 2010, Prison Health Services notified Aetna in writing of its intent to terminate its contract with Aetna effective December 1, 2010" (R&R, Dkt 100 at PageID.2805). Plaintiff merely disagrees with this evidence. Plaintiff identifies no error in the Magistrate Judge's analysis or conclusion.

Third, Plaintiff's objection to the Magistrate Judge granting Aetna a stay of discovery is not a proper objection. Pursuant to Local Rule 72.3(b), W.D. MICH. LCIVR 72.3(b), Plaintiff must specifically designate the part of the Report and Recommendation to which he objects and the basis for such objection. Because Plaintiff's objection does not address the Report and Recommendation, it is without merit.

    **C.**    **Defendant Corizon Health Inc. (R&R, Dkt 100 at PageID.2807–11)**

Similarly, regarding Defendant Corizon, Plaintiff asserts that "[t]he Magistrate omitted and failed to consider all of Plaintiff's pleadings and affidavits . . . and to draw all justifiable inferences in favor of Plaintiff, opposing the motion" and that the Magistrate Judge disregarded the summary judgment standard where "Plaintiff need only to present evidence from which a jury might return a

verdict in Plaintiff's favor" (Objs., Dkt 104 at PageID.2827–28). Plaintiff also asserts, generally, that Corizon implemented and followed an unwritten, unconstitutional policy, custom, or practice (Objs., Dkt 107 at PageID.2858).

As stated above, Plaintiff's objections regarding the consideration of pleadings or other filings are invalid because they are too general. As well, Plaintiff's mere disagreement with the Magistrate Judge's determination that Plaintiff presented no evidence showing Corizon was following an unconstitutional policy, custom or practice, does not warrant rejection of the Report and Recommendation. Concerning the summary judgment standard, the Magistrate Judge fully and properly outlined the entire standard under its own heading (R&R, Dkt 100 at PageID.2802–05). Plaintiffs objections are without merit.

**D.    Denial of Medical Treatment Claims** (R&R, Dkt 100 at PageID.2808–11)

Regarding his claims against Defendants Kerstein, Rogers, Stieve, Neri, and Papendick, in addition to another invalid, general objection, Plaintiff asserts that the Magistrate Judge "[o]mitted, and failed, to consider or evaluate under the Objective analysis, with regards to Plaintiff's October 19th, 2011 MRI Diagnostic Test Results, whether or not his condition . . . is an obvious and serious medical condition[]" (Objs., Dkt 104 at PageID.2829). Plaintiff also contends that the Magistrate Judge failed to consider the subjective prong of an Eighth Amendment analysis—deliberate indifference. *See generally Greene v. Bowles*, 361 F.3d 290, 294 (6th Cir. 2004) (describing the subjective prong). The Magistrate Judge recommended granting summary judgment for Defendants on Plaintiff's Eighth Amendment claim because Plaintiff presented "nothing more than his disagreement with Defendants' medical judgment and the treatment Defendants, in the exercise of such judgment, prescribed" (R&R, Dkt 100 at PageID.2810).

5

To the extent that a plaintiff simply disagrees with the treatment he received, or asserts that he received negligent care, the defendant is entitled to summary judgment. *See Williams v. Mehra*, 186 F.3d 685, 691 (6th Cir. 1999) (citing *Estelle v. Gamble*, 429 U.S. 97, 105–06 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner.")). The Magistrate Judge did not err in concluding that Plaintiff merely disagreed with the treatment he received and that Plaintiff's mere disagreement did not implicate the Eighth Amendment. Plaintiff's objection is without merit.

Second, Plaintiff asserts that the Magistrate Judge erroneously recommended granting summary judgment based on Defendant Neri's defective declaration not "Executed Under Penalty of Perjury" and based on Defendant Kerstein's Declaration that relied upon "Information and Belief" (Objs., Dkt 104 at PageID.2829).

Plaintiff presents this issue for the first time in his objections to the Report and Recommendation. Plaintiff's failure to raise this issue before the Magistrate Judge constitutes waiver. *See Murr v. United States*, 200 F.3d 895, 902 n.1 (6th Cir. 2000). In any event, Plaintiff's objections are without merit because even if the Magistrate Judge did not consider Neri's and Kerstein's Declaration, Plaintiff's claim still suffers from the same deficiencies as noted by the Magistrate Judge (R&R, Dkt 100 at PageID.2810 (noting that Plaintiff's mere disagreement with Defendants' medical judgment does not warrant Eighth Amendment relief)).

Third, Plaintiff asserts that the Magistrate Judge erroneously denied Plaintiff's previous Motions to Compel Discovery (Objs., Dkt 104 at PageID.2831). Plaintiff must specifically designate the part of the Report and Recommendation to which he objects and the basis for such objection.

*See* W.D. MICH. LCIVR 72.3(b). Because Plaintiff's objection does not address the Report and Recommendation, it is without merit.

### E. Retaliation Claims (R&R, Dkt 100 at PageID.2811–13)

Plaintiff's objections to the Magistrate Judge's analysis of his retaliation claims are substantially similar to other objections already addressed (Objs, Dkt 104 at PageID.2831–33). Plaintiff's general objections regarding omitted pleadings and affidavits, improperly weighed evidence, and omitted summary judgment standards are without merit.

## II. Defendants' Motions

Defendants move to strike (Dkt 99) Plaintiff's untimely sur-replies (Dkts 95, 96, 98). Defendants also move to supplement their Motion for Summary Judgment seeking to amend Defendant Neri's Declaration (Dkt 113). In granting summary judgment for Defendants, these motions become moot.

## III. Conclusion

Plaintiff's objections to the Report and Recommendation are without merit. In so finding, the Court declines to exercise jurisdiction over Plaintiff's state-law claims, consistent with the Magistrate Judge's recommendation (R&R, Dkt 100 at PageID.2814).

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (Dkts 104 & 107) are DENIED and the Report and Recommendation of the Magistrate Judge (Dkt 100) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' Motions for Summary Judgment (Dkts 52, 66, and 74) are GRANTED.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment (Dkt 36) is DENIED WITHOUT PREJUDICE.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Dkt 99) is DENIED as moot.

**IT IS FURTHER ORDERED** that Defendants' Motion to Supplement (Dkt 113) is DENIED as moot.

**IT IS FURTHER ORDERED** that the Court certifies pursuant to 28 U.S.C. § 1915(a) that an appeal of the decision would not be taken in good faith.


Dated: January  3, 2017                                              /s/ Janet T. Neff
                                                                     JANET T. NEFF
                                                                     United States District Judge